# Benjamin R. Petrikin assignee in bankruptcy of E. M. Bissell, vs, Timothy Davis.

## Appeal from Dubuque.

An insolvent debtor, in making an assignment for the benefit of his creditors, is not bound to make a *pro rata*, or equitable division; but may select from among them those whom he will pay to the exclusion of others,

An insolvent cannot revoke the deed of assignment after the assignee has notified a

portion of the creditors under it, or where any of the trust powers have been executed.

It is not a departure from the trust for the trustee to sell the effects of the insolvent upon credit, under a general direction to dispose of the effects, &c.

In 1841, Bissell being in embarrassed circumstances, made an assignment of his effects, for the benefit of certain of his creditors, constituting Timothy Davis his assignee. In 1842, Bissell took the benefit of the general bankrupt law, and Petrikin was appointed the assignee in bankruptcy, who filed his bill against Davis, the assignee in fact, to set aside the trust and subject the property of Bissell so assigned to a general distribution under the bankrupt law, alleging that the assignment was void :

1. Because actual possession was not taken of the property at any time before the bankrupt law operated.

2. Because the deeds of assignment were not recorded in accordance with the provisions of the statute.

3. Because there was no schedule of the property made out and attached to the assignment, prior to the operation of the bankrupt law.

4. Because the assignment was for a part only of the creditors of the assignor.

5. Because said assignment was made ostensibly for the benefit of the creditors, generally.

The cause was heard upon the bill and answer, at November term 1842, and a decree rendered in favor of the defendant, Davis, from which the complainant appealed to this court.

All the other facts relative to the points relied upon for a reversal of the decree, are embodied in the opinion of the court.

A. Thomas, for appellant.

T. Davis, in *propria personæ.*

Per Curiam, Mason, Chief Justice.—It is a matter of considerable importance, to determine in the first place what proceedings actually took place in this cause in the court below. The defendant states that the cause was brought to a hearing on petition and answer, and therefore under our statute the answer is to be taken as true on all points. The complainant does not controvert this statement directly, but insists that the case was heard on petition and answer *with accompanying testimony*—that this testimony was parol, and in as much as it has not been transmitted to this court the case must be sent back for a new trial.

38

The transcript of the record contains no replication but states in one entry that " the court being sufficiently advised concerning the matters and things contained in the petition and answer in this cause and *of the testimony given in the case on the trial, do find, &c.*" From this it would certainly appear that evidence was given on the trial, and the natural inference is that it was parol evidence.

The Chancery act, section 18, provides that, " if the plaintiff do not file his replication or exceptions within the time fixed by the rules of the court aforesaid, the cause shall stand for a hearing on petition and answer." Section 28 of the same act reads as follows : " If the complainant proceeds to a hearing on petition and answer only, the answer shall be taken to be true on all points and no evidence shall be received to contradict the same, unless it be matter of record to which the answer refers and is proveable by the said record." I therefore conclude that the cause was brought to a hearing on petition and answer, and that if parol evidence was given at the trial it was illegally given. The cause ought not therefore to be sent back on account of the omission to send up illegal testimony and the answer of the defendant must be taken as true throughout.

The case will then turn upon the validity of the assignment from Bissell to Davis. It is said that only one of these deeds has ever been recorded. I find no evidence to support this assertion, but even if true, it seems to me immaterial. An actual transfer of the personal property seems to have taken place, sufficient to dispense with the necessity of recording the deed of assignment. Nor was the recording of the deed more material in respect to the real estate so far as this case is concerned. The law vested in the complainant in this case only the property possessed by Bissell at the time of filing his petition in bankruptcy. That which he had previously sold was not his, and although the law would have protected a subsequent purchaser for a valuable consideration, this principle does not extend to liens and transfers created by operation of law. Had the assignee in bankruptcy taken possession of and sold the real estate to some person unacquainted with the conveyance to Davis, and before the deed of the latter had been recorded, the purchaser under such a sale would have held the property. The case is parallel to that of a judgment lien which would not take priority of a previous unrecorded deed, though a bona fide sale under such a judgment would have done so.

Similar remarks are applicable to the objection that no schedule accompanies the assignment, I see no evidence of the fact, and even if true,

the absence of this would only be a circumstance going to show that the transaction had not been bona fide, such a conclusion being rebutted by the answer, the absence of the schedule becomes unimportant.

The point is made in the argument as to whether an assignment by an insolvent is valid when made to give preferences to a portion of the creditors. Such is doubtless the case; 2d Kent's Com. 532; 2d Story's Com. 302. An insolvent may legally prefer one or more of his creditors. Unable to perform his engagements to all (in the absence of a bankrupt law) he is permitted to select from among his creditors, all equally meritorious, those whom he will pay to the exclusion of the others. The assignment in this case was made not only before the bankrupt law took effect but before its passage, and could not therefore be affected by it.

It is further contended that the assignment is void because made ostensibly for the benefit of the creditors generally, but in fact for only a portion thereof. The assignment purports to be made " in trust for the benefit of the creditors of the said Elijah M. Bissell in manner herein mentioned." This is certainly not " for the benefit of the creditors generally," but is qualified by the subsequent provisions of the assignment.

Another question arises out of the fact that many of those for whose benefit the assignment was made, had not manifested their assent thereto prior to the filing of Bissell's bankrupt petition. Some have not yet done so. A portion of the number had, however, assented to the assignment in time. As to them, at least it will be valid, and when instead of endeavoring to set aside the whole transaction as fraudulent, the assignee contests the rights of particular individuals under the assignment, a very different question from the present will present itself.

But it is said the consideration money expressed in the assignment is wholly inadequate. Had the assignment been to Davis for his own benefit, the objection would have had weight. But he is the mere instrument in the transaction, the medium through which the interest passes from Bissell to his creditors. The actual consideration for these assignments was the debts due to those in whose favor these assignments were made. There is nothing to show the inadequacy of the consideration.

It is further urged that Bissell has revoked the power conferred on Davis. Had this been a mere naked power, he would clearly have had the right of revocation, which he afterwards undoubtedly attempted to

exercise.    But the instrument in this case was an assignment of property through Davis, not the mere conferring of a naked power upon him. Before Davis had in any way notified the persons for whose benefit the assignment had been made, it might have been revoked—but after such notification—after several of the number had not only manifested their assent, but even signed the deed of assignment, after the trust is to a considerable extent executed, the right of revocation has certainly passed away from Bissell.

It is also objected that Davis, the assignee, has departed from the power conferred upon him by selli nga portion of the property on credit instead of for ready cash.    If this were a deviation from his duty it would hardly invalidate the assignment.    The parties really interested in the matter ought not to be prejudiced by an act of this nature performed by the assignee selected by Bissell himself.    But the assignee was not bound to sell for ready cash.    He was only required to convert the property into money within such convenient time as to him should seem meet.    I see in this no prohibition to his selling on a reasonable credit.

Much stress is laid in the argument upon the fact that the assignment was made for the purpose of delaying a creditor by preventing the levying of an attachmet.    The only answer which I think can successfully be made to this objection is, that no evidence of the fact itself can be found in the papers of the case.

There are a few other points of minor consequence raised in the very elaborate argument of the counsel for the appellant.    I deem it hardly necessary to reply to them all, as I see nothing in them which I think should cause a reversal of the decision below.    I therefore think the decree of the District Court in this case should be affirmed.